UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME SPRAGUE,

    Plaintiff,

 v.

DAVID L. BROWN,

    Defendant.

No. 2:17-cv-00938 KJM GGH PS

ORDER and FINDINGS AND RECOMMENDATIONS

   Plaintiff is proceeding with this civil rights action in pro se. ECF No. 1, and now seeks permission to proceed with the action in forma pauperis. ECF No. 2. The court, having reviewed the affidavit plaintiff filed in support of his motion finds that it makes the showing required by 28 U.S.C. 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

   The determination whether plaintiff may proceed in forma pauperis does not complete the present inquiry. Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–1228 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless."

1

Neitzke, 490 U.S. at 327. Thus, the term "frivolous," when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. at 325.

A less stringent examination is afforded pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), but simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id.

Plaintiff here sues a judge of the Sacramento Superior Court for actions taken in the course of presiding over a probate proceeding in which plaintiff appeared, *inter alia*, as trustee of the Sprague Family trust. ECF No. 1 at 1-2. The issue here is immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir.2000) *quoting* Pierson v. Ray, 386 U.S. 547, 553-554 (1967). Judicial officers, such as defendant Brown, cannot be sued in federal courts. See Stump v. Sparkman, 435 U.S. 349, 360 (1978); Butz v. Economou, 439 U.S.478, 511, 512 (1978); Romano v. Bible, 169 F.3d 1182, 1185, 1186 (9th Cir. 1999).

Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only when a judge's actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29 (1988); or (2) taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57 (1991). "Allegations of malice or bad faith in the execution of the officer's duties, such as are alleged here, see, e.g., ECF No. 1 at 36, are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." Demoran v. Witt, 781 F.2d 155, 158 (9th Cir. 1985).

Neither does this court have jurisdiction to interfere with, or overturn, the result of state court proceedings. Rather the court must abstain from interference with pending state proceedings that are judicial in nature or state proceedings that involved important state interests, so long as the state proceedings can afford an opportunity to raise any constitutional issue plaintiff may claim. Plaintiff cannot ask this court to simply overturn state court proceedings.

Noel v. Hall, 341 F.2d 1148 (9th Cir. 2003) (discussing the Rooker Feldman doctrine which generally precludes federal court review of state court decisions). See also Middlesex County Ethics Comm. v. Garden Stae Bar Ass'n, 457 U.S. 423, 532 (1982) (generally precluding interference with ongoing state proceedings). Yet that is exactly the effect any action by this court on plaintiff's behalf would have. In this situation it would appear that plaintiff can return to the Sacramento Superior Court and ask to set aside the prior ruling on the ground laid out in his federal complaint and, if he is unsuccessful, he can appeal the ultimate ruling of the court.

*CONCLUSION*

Plaintiff, in his 293 pages of pleading and attached documents, including transcripts from hearings held before defendant Brown, many of which he has annotated to show where he believes the Judge was wrong in his rulings or misapprehended the issues plaintiff was attempting to raise, makes clear that he is purely challenging the quality and correctness of Judge Brown's rulings, which were all undertaken while the Judge was fully, jurisdictionally vested and acting in his judicial capacity.[1] This court can discern of no means by which plaintiff could replead to move this case from under the umbrella of judicial immunity.

In accordance with the foregoing, IT IS HEREBY ORDERED that:

Plaintiff's Motion to Proceed In Forma Pauperis is GRANTED;

FURTHER, IT IS RECOMMENDED that Plaintiff's Complaint be dismissed, with prejudice, as barred by the judicial immunity doctrine and for lack of federal jurisdiction.

The Recommendation is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The plaintiff is advised that failure to file objections within the specified

////

---

[1] Plaintiff must recognize the difference between whether a judge has authority (jurisdiction) in a matter, as opposed to whether the judge made a correct jurisdictional ruling in the case. Even if wrong in the latter, even willfully wrong, the judge remains immune from suit.

3

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

Dated: May 10, 2017

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE